before trial of Friend H. Sheldon and directing him to produce books and records affirmed, in so far as appealed from, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

KATHARINE C. HERRMANN, Respondent, v. GLENS FALLS INDEMNITY COMPANY OF GLENS FALLS, NEW YORK, Appellant. — Order denying defendant's motion to dismiss the complaint for failure to state a cause of action, etc., reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs, with leave to plaintiff to plead over within ten days from the entry of the order hereon, if so advised, upon payment of costs. It appears on the face of the complaint that plaintiff was bound to accept the bond in question, and it is immaterial that she was induced by false representations to do what she was bound to do. (Deobold v. Oppermann, 111 N. Y. 531.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

In the Matter of the Application to Fix Compensation of Attorney Pursuant to Section 231-a of the Surrogate's Court Act, in the Estate of ADOLPH G. AUSTIN, Also Known as ADOLPHUS G. AUSTIN, Deceased. HERBERT L. FULLER and EDWARD MASON MOWTON, as Administrators C. T. A. of ADOLPH G. AUSTIN, Deceased, Appellants; ROBERT S. MULLEN, Respondent.— In a proceeding by an attorney to fix the value of the legal services rendered to the executor of an estate (now deceased) pursuant to section 231-a, Surrogate's Court Act, the successor representatives of the estate contested the value of the services and alleged payment in full by numerous checks. The petitioner testified from memory that some of the checks were paid on account of other matters. In the decision the value of the services was determined and the disputed amount was divided equally between the parties [estates]. There is no rational basis in the evidence for such division. Decree reversed on the law and the facts and the matter remitted to the Surrogate's Court, Westchester county, for a new hearing, with costs to abide the event. Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.

In the Matter of the Application to Fix Compensation of Attorney Pursuant to Section 231-a of the Surrogate's Court Act in the Estate of ADOLPH G. AUSTIN, Also Known as ADOLPHUS G. AUSTIN, Deceased. HERBERT L. FULLER and EDWARD MASON MOWTON, as Administrators C. T. A. of ADOLPH G. AUSTIN, Deceased, Appellants; ROBERT S. MULLEN, Respondent.— In view of the decision in Matter of Austin (ante, p. 854), decided herewith, the appeal from the order denying a new hearing on newly-discovered evidence is dismissed, without costs. Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.

In the Matter of the Probate or Denial of Probate of the Paper Purporting to Be the Last Will and Testament of AMY ANGELA FRANCIS SOPHIE BARBER CAVENDISH, Deceased, and for the Issuance of Letters of Administration C. T. A. or Letters of Administration. JOHN G. PECK, County Treasurer of Suffolk County, Appellant; HALLOCK LUCE, Respondent.— Decree of the Surrogate's Court, Suffolk county, granting letters of administration to the petitioner, unanimously affirmed, without costs. As between the petitioner and the county treasurer, the appointment of an administrator is discretionary with the surrogate. (Surr. Ct. Act, § 118.) There appears to have been no abuse of discretion herein. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.